IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

    Plaintiff,

v.

WILLIAM POLLARD, et al.

    Defendants.

ORDER

17-cv-301-slc

Plaintiff James Smith is an inmate incarcerated by the Wisconsin Department of Corrections at the Milwaukee Secure Detention Facility. He filed this proposed civil action under 42 U.S.C. § 1983, claiming that defendants discriminate against black and minority offenders by denying them access to treatment programs. The parties consented to magistrate judge jurisdiction, and on May 1, 2017, this case was reassigned to me. (Dkt. 5.) Smith has not yet paid the filing fee, but I assume this is because he cannot afford to do so, as he was found indigent in two recently filed cases, 16-cv-9-slc and 16-cv-10-slc.

As I explained to Smith in his other § 1983 action, however, any civil action against government officials filed by Smith while he is incarcerated is governed by the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the filing fee. In particular, under the "three-strikes rule" found at 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Court records confirm that Smith has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. *See Smith v. Frank*, 03-cv-414 (E.D. Wis.) (dismissed for failure to state a claim); *Smith v. Frank*, 04-cv-489 (E.D. Wis.) (dismissed as frivolous); *Smith v. Frank*, 05-cv-476 (E.D. Wis.) (dismissed as frivolous). Consequently, Smith may not proceed with this action without the prepayment of fees under 28 U.S.C. § 1915(g), unless he shows that he is subject to imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (*citing Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini*, 352 F.3d at 330 (*citing Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

Here, Smith's allegations do not support a finding that he is in imminent danger. He alleges that he has been denied access to court-ordered anger management programs, in violation of the Americans with Disabilities Act and his right to equal protection and due process. None of his allegations support an inference that he is facing imminent danger of serious physical harm. Because Smith has not shown that he is in imminent danger, he may not proceed with this action without prepayment of the full $400 filing fee under § 1915(g).

ORDER

IT IS ORDERED that plaintiff James Smith is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). Plaintiff may have until June 26, 2017, to pay the $400 filing fee to proceed with this action. After plaintiff pays the $400 fee, his complaint will be screened under 28 U.S.C. § 1915A. If plaintiff fails to pay the $400 fee by the above deadline, his complaint will be dismissed.

Entered this 2nd day of June, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge